IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR L. STONE                :         CIVIL ACTION
                               :
              v.               :
                               :
JANET NAPOLITANO               :         NO. 09-1523

MEMORANDUM

McLaughlin, J.                                    July 17, 2009

        The plaintiff, Arthur L. Stone, filed this case on
April 8, 2009.  This case follows a decision by the Merit Systems
Protection Board (MSPB) dismissing Stone's claims of arbitrary
action and discriminatory retaliation against the Transportation
Security Administration (TSA).  Stone claimed that he was denied
reinstatement to his position as an air marshal in violation of
federal statutes and regulations, and as a result of retaliation
for his having filed a previous claim of disability
discrimination against the TSA.  The Administrative Judge
dismissed his claims for lack of jurisdiction.

        Stone's complaint contains a single count in which he
states that the MSPB's decision was arbitrary and capricious and
that the TSA's refusal to reinstate him was in violation of Title
VII as retaliation for his previous claims of disability
discrimination.  Compl., ¶¶ 19-22.  He asserts that this Court
has jurisdiction over his claims as an appeal of the MSPB's
decision pursuant to 5 U.S.C. § 7703(b)(2).

The defendant, Secretary Napolitano of the Department of Homeland Security, has moved to dismiss the claim.  The defendant states that any dismissal by the MSPB for lack of jurisdiction is appealable only to the United States Court of Appeals for the Federal Circuit.  She claims, therefore, that this Court is without jurisdiction to hear the plaintiff's case.  The defendant further argues that the Court is without jurisdiction to hear the plaintiff's retaliation claim because he has failed to exhaust his administrative remedies.  Finally, the defendant argues that, even if the plaintiff's retaliation claim was ripe for judicial review, the plaintiff fails to state a claim based on substantive discrimination, as opposed to retaliation, and that any such claim is time barred.

The Court finds that it lacks jurisdiction to hear the plaintiff's claims.  The United States Court of Appeals for the Federal Circuit has sole jurisdiction over an appeal of a dismissal by the MSPB for lack of jurisdiction.

I.   The Plaintiff's Complaints Before the MSPB and this Court

The plaintiff was an air marshal working for the TSA until August 3, 2007, when he was terminated as a result of a medical condition that prevented him from flying.  Def.'s Mot., Ex. 1.  Plaintiff appealed his removal to the MSPB on August 6, 2007, arguing that his removal was improper because there was not

2

enough evidence that he was unable to perform the essential functions of his job and that his removal was an act of disability discrimination.  Id., Ex. 2.  This appeal was denied by an Administrative Judge of the MSPB, as was a petition for review of that decision.  Id., Exs. 3, 4.

The plaintiff's counsel then wrote to the TSA claiming that the plaintiff had recovered from his illness and asking that the plaintiff be restored to his position as an air marshal. Id., Ex. 5.  By regulation, an employee who has fully recovered within one year of his termination is entitled to immediate and unconditional restoration of his former position or an equivalent position.  5 C.F.R. § 353.301(a).  "Fully recovered" is defined by regulation to mean that "compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he or she left or an equivalent one." 5 C.F.R. § 353.102.

The plaintiff alleges that he received no response from the TSA and, therefore, commenced a second appeal, claiming that the failure to restore him was an act of retaliation for making his previous discrimination claim.  In her consideration of this appeal, the Administrative Judge noted that the agency had, in fact, responded in a letter stating that it had denied reinstatement because the plaintiff continued to receive worker's compensation benefits.  Id., Ex. 7 at 2.  This second appeal was

3

denied on September 22, 2008.  The Administrative Judge held that
jurisdiction over his appeal of the agency's decision could only
be established if the appellant provided nonfrivolous allegations
that 1) he suffered a compensable injury; 2) his workers'
compensation benefits were terminated "on the basis that he fully
recovered from his injury;" and 3) his termination was
substantially related to his injury.  Id., Ex. 7 at 4.

     The Administrative Judge found that because Stone
continued to receive workers compensation payments, he was not
"fully recovered" under applicable federal regulations.  Id.
(citing 5. C.F.R. § 353.102).  On that basis, the Administrative
Judge held that the MSPB did not have jurisdiction to hear his
appeal.  Id.  A petition for review by the full Board was denied.
Id., Ex. 8.

     On April 3, 2009, the plaintiff filed a formal
complaint with the TSA's Office of Civil Rights and Liberties.
Id., Ex. 9.  This complaint concerned the "allegation that the
agency refused to restore [Mr. Stone] to agency rolls after full
recovery from a compensable injury, and that [this refusal] was
in reprisal for his prior EEO activity [i.e., his initial appeal
of his termination]."  Id.

     On April 8, 2009, the plaintiff filed his complaint in
this Court.  The complaint asserts first that the refusal to
reinstate the plaintiff was arbitrary, capricious and an abuse of

discretion.  Compl., ¶ 19.  He asserts the same about the MSPB's decision.  Id., ¶ 20.  He then asserts that the TSA's decision was motivated by discrimination on the basis of disability and in reprisal for his prior complaint.  Id., ¶ 21.  The discrimination claim is based on a violation of the Rehabilitation Act of 1973, specifically as an act of retaliation for the prior discrimination claim.  This claim was also the basis for the plaintiff's second appeal to the MSPB.  Def.'s Mot., Ex. 6.  The complaint states that this Court has jurisdiction over the claims as appeals of the MSPB decision pursuant to 5 U.S.C. § 7703(b)(2).

II.  <u>Analysis</u>

        The defendant has moved for dismissal of each claim. First the defendant moves to dismiss the appeal from the MSPB on jurisdictional grounds.  The defendant argues that in a mixed-case appeal (i.e., one involving both a claim of arbitrary and capricious action and a claim of discrimination) which has been dismissed by the MSPB for lack of jurisdiction, jurisdiction to review that dismissal lies solely with the United States Court of Appeals for the Federal Circuit.  Second, the defendant argues that the plaintiff has not exhausted his administrative remedies on any Rehabilitation Act claim and that the plaintiff must wait for a determination by the TSA's equal employment opportunity

office before proceeding to court.  Because the plaintiff has, in

fact, filed a complaint on this basis with the TSA, and because

that complaint remains pending, the defendant argues court review

of the Rehabilitation Act claim is premature and the plaintiff's

administrative remedies unexhausted.

        Finally, the defendant argues that the Rehabilitation

Act claim, to the extent it relies on a claim of substantive

discrimination and not retaliation, is both meritless and time

barred.  They argue that the plaintiff's only ground for the

complaint filed with the TSA on April 3, 2009, was retaliation,

not substantive discrimination, and that the time for raising a

claim of discrimination based on "perceived disability" has

passed.  This argument is presented as an alternative to their

second argument that the Court's consideration of this claim is

premature because the claim is not exhausted.


        A.   <u>Jurisdiction to Hear this MSPB Appeal</u>

        The first question that the Court must address is its

jurisdiction to hear an appeal of the MSPB's decision.  The

defendant argues that because the MSPB dismissed the plaintiff's

second appeal on jurisdictional grounds, the power to review that

decision is vested solely in the Court of Appeals for the Federal

Circuit.  The argument is based on a statute that outlines the

various courts having the power to review decisions of the MSPB.

"Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."  5 U.S.C. § 7703(a).  The defendant relies on 5 U.S.C. 7703(b)(1) to argue that review of a dismissal for lack of jurisdiction lies with the Federal Circuit.  Section 7703(b)(1) states in part:

> Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit.

Paragraph 2, to which section (b)(1) refers, makes an exception for cases alleging discrimination:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)) . . . as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

5 U.S.C. 7703(b)(2) (emphasis added).

"Cases of discrimination subject to the provisions of section 7702" include cases in which an employee "has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board" and in which the employee "alleges that a basis for the action was discrimination prohibited by . . . section 717 of the Civil Rights Act of 1964." 5 U.S.C. § 7702(a)(1).  Therefore, according to this scheme, a

7

case involving both a claim appealable to the MSPB and a claim of discrimination may be appealed to the district courts.  Claims not involving such a "mixed appeal," remain subject to appeal to the Federal Circuit under the terms of § 7703(b)(1).

The plaintiff's appeal to the MSPB involved both a claim appealable to the MSPB (arbitrary and capricious termination) and a claim of discrimination.  This would seem to fit the requirements for an appeal to this Court.  The defendant argues that, notwithstanding the apparent jurisdictional grant to this Court found in 5 U.S.C. § 7703(b)(2), all claims dismissed by the MSPB for lack of jurisdiction must be appealed to the Federal Circuit.  She cites to four decisions of the United States Courts of Appeals for the Ninth, Tenth, Federal and D.C. Circuits as support for her argument that the grant of jurisdiction to the district courts over "mixed case" MSPB appeals does not override the grant of jurisdiction to the Federal Circuit under § 7703(b)(1) when the MSPB dismisses a claim for lack of jurisdiction.

First, the defendant cites Sloan v. West, 140 F.3d 1255, 1261-62 (9th Cir. 1998).  In Sloan, the United States Court of Appeals for the Ninth Circuit held that when the MSPB dismisses a portion of a mixed case for lack of jurisdiction, that dismissal demonstrates that the claim was not actually

appealable to the MSPB and thus does not fit the definition of a case appealable to the district courts under § 7702.

> [S]ection 7702 defines a "mixed case" appealable to the district court under § 7703 as a case involving an action that is <u>both</u> appealable to the MSPB <u>and</u> which allegedly involved discrimination. Thus, if the MSPB does not have jurisdiction over the non-discrimination claim, then the case is not a "mixed case," and any appeal of the jurisdictional determination must be filed in the Federal Circuit Court of Appeals.

<u>Id.</u> at 1261 (emphasis added).

In <u>Wall v. United States</u>, 871 F.2d 1540 (10th Cir. 1989), an employee of the Department of Health and Human Services had appealed his termination to the MSPB.  The MSPB held an evidentiary hearing to determine whether the plaintiff had voluntarily retired from his position.  Finding that he did, the MSPB held that his termination was not an appealable adverse action and dismissed his case for lack of jurisdiction.  Wall then filed a petition for review with the Board, but that petition was denied.  Wall then filed suit in the United States District Court for the District of Kansas claiming discrimination on the basis of a disability.

The Court of Appeals for the Tenth Circuit affirmed the district court's ruling that

> where the Board determines . . . that an employee's appeal to the Board is "not appealable" under the statute, and the Board does not consider the employee's claim of discrimination on its merits, review of the Board's determination that it lacks jurisdiction to hear the employee's claim lies exclusively in the Federal Circuit.

Id. at 1543.

        The Court of Appeals for the District of Columbia
Circuit reached a similar conclusion in such a situation.  In
Powell v. Department of Defense, 158 F.3d 597 (D.C. Cir. 1998),
the Circuit held that a dismissal on jurisdictional grounds in a
mixed claim appeal from the MSPB was appealable only to the
Federal Circuit.  Its reasoning was identical to that found in
Sloan.  The Powell Court faced an appeal from the MSPB which,
like that in Wall, involved a dismissal for lack of jurisdiction
on the grounds of a finding of voluntary separation from an
agency.  Powell stated that "[i]t may be true that evidence of
voluntariness or constructive termination is . . . closely
'related to the merits of a discrimination claim'. . . .  But
even if the Board's decision regarding voluntariness is 'related
to the merits' of Powell's discrimination claim, that decision
nevertheless also rested on a 'procedural or threshold matter'–
the Board's view of its jurisdiction."  Id. at 599.

        The plaintiff cites to two cases that he argues
demonstrate that a district court may exercise jurisdiction over
"MSPB non-substantive dismissals of mixed case appeals."  Opp'n
at 1.  The plaintiff cites Chappell v. Chao, 388 F.3d 1373 (11th
Cir. 2004), but that case did not involve a "non-substantive"
dismissal by the MSPB.  Instead, the MSPB had issued "a final
order upholding Chappell's termination" and a notice informing

Chappell of his right to appeal both his termination and discrimination claims to the correct district court under 5 U.S.C. §§ 7702(b)(1) and 7703(b)(2).  Id.

The plaintiff next cites to Donahue v. U.S. Postal Service, Case No. 2:05-CV-04998, 2006 WL 859448 (E.D. Pa. Mar. 31, 2006).  In Donahue, a postal employee had filed a series of complaints with the MSPB alleging that he had been terminated without due process and as a result of disability discrimination. Donahue's original denial of relief by the MSPB was adjudicated on the merits and appealed to the district court, which possessed jurisdiction over that case as a mixed claim.  Donahue, however, filed a subsequent claim with the MSPB while that first case was pending in district court.  The MSPB dismissed that second claim on the basis of res judicata without reaching its merits.

The district court stated that "the question of where jurisdiction lies is . . . complicated when the MSPB bases its decision in a mixed case on procedural or threshold issues not related to the merits of a discrimination claim.  The Federal Circuit assumes jurisdiction in this situation."  Id. at *2. Despite this statement, the district court still assumed jurisdiction of the second appeal.  The district court's analysis was based on a balancing of three "indisputable congressional objectives:" "(1) that the Federal Circuit should be the uniform voice in federal personnel matters; (2) that the district courts

11

should hear claims arising under the anti-discrimination laws;
and (3) that judicial resources should not be wasted by parallel
actions. . . ." Id. at *3. Noting "the unique circumstances of
this case," the district court found that those objectives were
best served by consolidating the case with Donahue's appeal of
his first MSPB denial. Id. at *4.

The weight of authority is in favor of the defendant's
interpretation of the applicable jurisdictional statutes and
regulations. See also, Downey v. Runyon, 160 F.3d 139 (2d Cir.
1998) (distinguishing Sloan, Powell, and Wall, but affirming
their holdings with respect to MSPB dismissals of claims beyond
the substantive scope of MSPB jurisdiction). The Court holds
that a dismissal of Stone's claims by the MSPB for lack of
jurisdiction is appealable only to the Federal Circuit.

In this case, the plaintiff appealed to the MSPB under
the terms of 5 U.S.C. § 8151(b). See Opp'n at 2; Def.'s Br., Ex.
7 at 4. That statute states in relevant part:

    (b)  Under regulations issued by the Office of Personnel
        Management–

        (1)  the department or agency which was the last
            employer shall immediately and unconditionally
            accord the employee, if the injury or disability
            has been overcome within one year after the date
            of commencement of compensation . . . , the right
            to resume his former or an equivalent position, as
            well as all other attendant rights which the
            employee would have had, or acquired, in his
            former position had he not been injured or
            disabled, including the rights to tenure,

promotion, and safeguards in reductions-in-force procedures[.]

5 U.S.C. § 8151(b).

As discussed above, the regulations referred to by this statute define the circumstances for determining when an injury has been "overcome." An employee who has fully recovered within one year of his termination is entitled to immediate and unconditional restoration of his former position or an equivalent position. 5 C.F.R. § 353.301(a). "Fully recovered" is defined by regulations to mean that "compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he or she left or an equivalent one." 5 C.F.R. § 353.102.

The MSPB found that the prerequisite of "full recovery" was not present in this case and, therefore, that it had no basis for jurisdiction under 5 U.S.C. § 8151(b). The plaintiff argues that this determination was not actually jurisdictional, but rather a "substantive decision based on [an] interpretation of the facts and the regulations applicable to the facts." Opp'n at 2. However, the MSPB made these factual determinations with the goal of establishing its own jurisdiction. Def.'s Br., Ex. 7. As in Powell, the factual determination may have been closely related to the merits of the plaintiff's underlying claims of arbitrary decision-making and discrimination, but the Board's actions rested on a view of its own jurisdiction.

13

The plaintiff also argues that the "regulations upon which the administrative judge relied were not jurisdictional regulations." Opp'n at 2. He states that "the jurisdictional enabling statute under which plaintiff appealed to the MSPB was 5 U.S.C. § 8151(b)(1)" and that the MSPB never addressed the requirements of that jurisdictional statute. However, § 8151 specifically references the federal regulations created for that statute's implementation. 5 C.F.R. § 353 is a collection of regulations that refines the requirements of § 8151. See 5 C.F.R. § 353.101.

The MSPB's dismissal was a jurisdictional decision. By referring to these regulations, the MSPB sought a basis for its jurisdiction over the claims. Moreover, the MSPB clearly understood its dismissal to rest on jurisdictional grounds. This was a ruling that Mr. Stone's claims were not appealable to the MSPB and, thus, are not appealable as a "mixed case" claim. Therefore, the Court must dismiss this claim without prejudice to refile in the Federal Circuit.

B.   Jurisdiction to Hear Plaintiff's Rehabilitation Act Claims

Although Mr. Stone states in his complaint that his termination was an act of discrimination in violation of the Rehabilitation Act, he does not rely on the Rehabilitation Act itself as a means of claiming that this Court has jurisdiction

14

over his claims.  Instead, he frames his case solely as an appeal
of the MSPB decision, stating that he "has a right to file a
civil action on his discrimination claim in an appropriate United
States District Court, pursuant to 5 U.S.C. § 7703(b)(2) . . .
and to seek a trial de novo on his discrimination claim."
Compl., ¶ 22.  As described above, jurisdiction over such an
appeal lies with the Federal Circuit.

III. Conclusion

        The United States Court of Appeals for the Federal
Circuit is the proper court in which to file an appeal of a
dismissal by the MSPB for lack of jurisdiction.  This Court,
therefore, lacks jurisdiction to hear the present matter and must
dismiss the complaint without prejudice to refile before the
Court of Appeals for the Federal Circuit.